Squires, Kim (USAARE)

| | |
|---|---|
| From: | ecf_support@ared.uscourts.gov |
| Sent: | Friday, July 24, 2009 10:25 AM |
| To: | ared_ecf@ared.uscourts.gov |
| Subject: | Activity in Case 4:09-cv-00526-JMM USA v. Small Business Investment Capital Inc Order |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.

U.S. District Court

Eastern District of Arkansas

## Notice of Electronic Filing

The following transaction was entered on 7/24/2009 at 10:25 AM CDT and filed on 7/24/2009
**Case Name:**  USA v. Small Business Investment Capital Inc
**Case Number:**  4:09-cv-526
**Filer:**
**Document Number:** 2

**Docket Text:**
**CONSENT ORDER. Signed by Judge James M. Moody on 7/24/09. (bkp)**

**4:09-cv-526 Notice has been electronically mailed to:**

Richard M. Pence, Jr   richard.pence@usdoj.gov, kim.squires@usdoj.gov

**4:09-cv-526 Notice has been delivered by other means to:**

Arlene M. Embrey
U. S. Small Business Administration - Washington
409 Third Street, S.W.
Washington, DC 20416

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1095794525 [Date=7/24/2009] [FileNumber=1634463-0
] [97c3d3d5158d3132109e94ef6f799baea34e633a74aab6abf39d1d552fc6f0e8f16
d2b24a901e1ae7b55775fdb6c43ac27b69a583ce188c66f6fae4c10d96580]]

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| Plaintiff, | : Civil No. 4:09cv00526 JMM |
| v. | : |
| SMALL BUSINESS INVESTMENT CAPITAL, INC. | : |
| Defendant | : |

**CONSENT ORDER**

Before this Court is the Complaint by the United States of America, on behalf of the United States Small Business Administration ("SBA"), for a permanent injunction and the appointment of the SBA as Permanent Receiver for Small Business Investment Capital, Inc. ("SBI Capital"). The Court, being fully advised as to the merits, and based upon the consent of the parties, believes this relief should be granted:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Pursuant to the provisions of 15 U.S.C. § 687c, this Court shall take exclusive jurisdiction of SBI Capital and all of its assets, wherever located, and the United States Small Business Administration ("SBA"), is hereby appointed receiver ("the Receiver") of SBI Capital to serve without bond until further order of this Court. The Receiver is appointed for the purpose of administering, marshaling and, if necessary, liquidating all of SBI Capital's assets to satisfy the claims of creditors therefrom in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, managers, and directors of SBI Capital under applicable state and federal law and by the Articles of incorporation and By-Laws of said corporation, in addition to all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The officers, managers, directors, officers, employees and agents of SBI Capital are hereby dismissed. Such persons shall have no authority with respect to SBI Capital's operations or assets, except as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of SBI Capital and shall pursue and preserve all of its claims.

3. The past and/or present officers, directors, agents, managers, accountants, attorneys and employees of SBI Capital, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of said corporation and all other assets and property of the corporation, whether real or personal. SBI Capital shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of SBI Capital as well as the names, addresses and amounts of claims of all known creditors of SBI Capital. All persons having control, custody or possession of any assets or property of SBI Capital, including its former officers, are hereby directed to turn such property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, managers, employees, shareholders, creditors, debtors, and

agents of SBI Capital. All persons and entities owing any obligations or debts to SBI Capital shall, until further order of this Court, pay all such obligations in accordance with the terms thereof to the Receiver, and its receipt for such payments shall have the same force and effect as if SBI Capital had received such payments.

5.  The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of SBI Capital, to utilize SBA personnel, and to employ such other personnel as necessary to effectuate the operation of the receivership including, but not limited to, attorneys and accountants, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or payments for expenses incidental to administration of the Receivership. In addition, the Receiver is authorized to reimburse the SBA or its employees for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset, other than real estate, which would result in net proceeds to the Receiver and the receivership estate.

6.  SBI Capital's past and/or present officers, directors, agents, managers, shareholders, employees, and other appropriate persons (including, without limitation, the

defendant's portfolio of small business concerns and banks or other financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath, pursuant to a Receiver's Notice or Subpoena, to the Receiver, all questions which it may put to them regarding the business of said corporation, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to SBI Capital. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other form of discovery concerning the assets, property or business assets of SBI Capital or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to SBI Capital, the Receiver shall direct notice for any such appearance by certified mail, and said persons shall appear and give answer to the Receiver, produce documents or submit to any other form of discovery in accordance with the Federal Rules of Civil Procedure.

7. The parties or prospective parties to any and all civil legal proceedings wherever located (including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions, default proceedings, or any other proceedings) that involve (I) SBI Capital; or (ii) any assets of SBI Capital; (iii) any of SBI Capital's present or past officers, directors, managers or the Receiver while acting in their official capacity, are enjoined from taking any action of any nature in connection with any such civil legal proceeding until further Order of this Court.

8. All civil legal proceedings wherever located (including arbitration

proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding) involving (I) SBI Capital; (ii) any of SBI Capital's assets; (iii) or any action of any nature taken by SBI Capital's present or past officers, directors, managers or the Receiver while acting in their official capacity are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action in such proceeding until further Order of this Court. Nothing herein shall prohibit any party from participating or prosecuting their rights, remedies or causes of action in the bankruptcy proceedings of Affiliated Foods Southwest, Inc et al pending in the Eastern District of Arkansas and bearing proceeding number 4:09-bk-13178.

9. Further, as to a cause of action accrued or accruing in favor of SBI Capital against a third person or party, any applicable statute of limitation is tolled to the extent allowed by applicable law during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

10. SBI Capital and its past and/or present directors, officers, managers, shareholders, agents, employees and other persons acting in concert or participation therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and property of SBI Capital to the detriment of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, (the "SBIA"), 15 U.S.C. Section 661 et seq., or the regulations promulgated thereunder, (the "Regulations"), 13 C.F.R. §

107.1 et seq.

11. The Receiver is authorized to borrow on behalf of SBI Capital, from the SBA, up to $100,000, and is authorized to cause SBI Capital to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of SBI Capital, excluding administrative expenses of the Receivership, whether presently existing or hereinafter incurred.

12. This Court determines and adjudicates that SBI Capital has violated the Regulations as alleged in the Complaint filed in this matter. After completing its activities in accordance with this Order, the Receiver may recommend that SBI Capital's license as an SBIC be revoked.

13. This Court hereby enters judgment in favor of SBA and against SBI Capital in the amount of $2,364,249.07, consisting of principal in the amount of $2,250,000 plus accrued interest through June 8, 2009 of $114,249.07, with a per diem of $446.30 through the date of judgment and post judgment interest thereon.

IT IS SO ORDERED this 24th day of July, 2009.

UNITED STATES SMALL BUSINESS
ADMINISTRATION

By:   /s/ Thomas G. Morris
_____
Thomas G. Morris, Director
Office of SBIC Liquidation


SMALL BUSINESS INVESTMENT CAPITAL, INC.

By:   /s/ Jan M. Hayden
_____
Jan M. Hayden, LA BAR 6672
Tristan Manthey, LA BAR 24539
Greta M. Brouphy, LA BAR 26216
Heller, Draper, Hayden,
Patrick & Horn, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA 70130-6103
Telephone: 504-299-3300
Fax: 504-299-3399
Counsel for Small Business Investment Capital, Inc.

And

Steve L. Riggs, AR BAR 72094
Gary B. Rogers, AR BAR 82139
W. Michael Reif, AR 84128
Dover, Dixon & Horne, PLLC
425 W Capitol Ave., Suite 3700
Little Rock, AR 72201-3465
Telephone: 501-375-9151
Fax: 501-375-6484
Local Counsel for Small Business Investment Capital, Inc.

_____
The Honorable James M. Moody
UNITED STATES DISTRICT JUDGE